IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PAUL MICHAEL MOORE *et al.*,

        Plaintiffs,

v.

OREGON DEPARTMENT OF CORRECTIONS,

        Defendant.

Case No. 3:21-cv-00599-SB

OPINION AND ORDER

**MOSMAN, J.,**

Paul Moore ("Moore"), a self-represented litigant in the custody of the Oregon Department of Corrections ("ODOC"), filed this civil rights action on behalf of himself and three other adults in custody ("AICs") (together, "Plaintiffs"). This matter comes before the Court on Plaintiffs' motion to remand, motion to expand this putative class action, and motions for a preliminary injunction. For the reasons that follow, the Court denies Plaintiffs' motions.

## BACKGROUND

Moore is currently housed at Snake River Correctional Institution. On February 2, 2021, Moore filed this action in the Multnomah County Circuit Court, alleging that ODOC knowingly exposed Plaintiffs to COVID-19 and that ODOC's failure adequately to respond to COVID-19

PAGE 1 – OPINION AND ORDER

violates Plaintiffs' Eighth Amendment rights. (ECF No. 1, Ex. 1 ("Compl.").) The following day, co-plaintiffs Stuart Hamilton ("Hamilton"), Emmanuel Olmos-Cruz ("Olmos-Cruz"), and Juan Manuel Perez ("Perez"), each filed separate motions for a preliminary injunction, alleging that ODOC officials threatened and harassed them, and requesting transfer to a different ODOC facility. (Mots. Prelim. Inj., ECF No. 1 Ex. 3.)

On April 21, 2021, ODOC removed this case to federal court pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). (Notice of Removal, ECF No. 1.) On April 30, 2021, Moore filed a motion to remand this action to state court (Motion to Remand, ECF No. 5), and on May 13, 2021, Moore filed a motion to expand the putative class action to add four additional AICs as co-plaintiffs. (ECF No. 11.)

## DISCUSSION

### I. MOTION TO REMAND

#### A. Applicable Law

A party may remove a civil action to federal court if the district court would have original jurisdiction over the action. 28 U.S.C. § 1441(a). Removal may be based on either diversity jurisdiction or federal question jurisdiction. 28 U.S.C. § 1441(b) and (c); *see Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction.").

"A motion to remand is the proper procedure for challenging removal." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing 28 U.S.C. § 1447(c)). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Id.* (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)). This presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566.

PAGE 2 – OPINION AND ORDER

Additionally, courts generally have a duty to construe *pro se* pleadings liberally and "afford the [*pro se*] plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). This duty applies to both *pro se* complaints and *pro se* motions. *Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

**B.     Analysis**

ODOC removed this case to federal court on federal question grounds under 28 U.S.C. § 1331. (*See* Notice of Removal ¶ 2.) Section 1331 provides district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* Under 28 § U.S.C. § 1367, district courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a).

The requirements for both federal question jurisdiction and supplemental jurisdiction are met here. First, Plaintiffs assert an Eighth Amendment claim under the United States Constitution, which raises a federal question under 28 § U.S.C. 1331. (*See* Compl. at 7, alleging that "Plaintiffs' 8th Amendment rights are being violated"). Second, the Court may exercise supplemental jurisdiction over Plaintiffs' negligence claim against ODOC, as it involves the same set of facts and events as Plaintiffs' Eighth Amendment claim. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966) (clarifying that supplemental jurisdiction is appropriate only when claims share a "common nucleus of operative fact").

In addition, ODOC has complied with the procedural steps for effecting removal of this action by filing a notice of removal in federal court (Notice of Removal), filing a copy of the notice in state court (*id.* Ex. 4 ("Notice of Filing")), and serving Plaintiffs with a copy of the Notice of Filing (*id.* at 2). *See Miller v. Aqua Glass, Inc.*, No. CIV. 07-3088-CL, 2008 WL 2854125, at *1 (D. Or. July 21, 2008), *adhered to on reconsideration*, 2008 WL 3411657 (D. Or.

PAGE 3 – OPINION AND ORDER

Aug. 11, 2008) ("[R]emoval is effected by the defendant taking three procedural steps: filing a notice of removal in the federal court, filing a copy of this notice in the state court, and giving prompt written notice to all adverse parties.") (citation omitted); *see also* 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."). Accordingly, the Court denies Plaintiffs' motion to remand.

## II.   MOTION TO EXPAND CLASS ACTION

Moore filed a motion to add four additional AICs to this putative class action. (ECF No. 11.) However, a self-represented plaintiff may not represent other plaintiffs in litigation. *See Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself.'" (quoting *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)). In addition, "it is well established that a layperson cannot ordinarily represent the interests of a class." *Hirt v. Jackson Cnty.*, No. 1:19-cv-00887-AC, 2020 WL 3104502, at *2 (D. Or. June 11, 2020) (citing *McShane v. United States*, 366 F.2d 286 (9th Cir. 1966)). "This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding *pro se.*" *Id.* (citation omitted). Accordingly, the Court denies Moore's motion to expand this putative class action to include additional AICs.[1]

///

///

---

[1] The AICs who sought to be added to this action may file their own civil rights complaints.

PAGE 4 – OPINION AND ORDER

## III. PRELIMINARY INJUNCTION MOTIONS

Before ODOC removed this case to federal court, co-plaintiffs Hamilton, Olmos-Cruz, and Perez each separately filed a motion for a preliminary injunction in state court, alleging that ODOC officials targeted, harassed, and intimidated them by subjecting them to unwarranted disciplinary action. (Mots. Prelim. Inj.) As relief, the co-plaintiffs request transfer to a different ODOC institution.[2] (*Id.* at 2, 4, 6.)

A party seeking a preliminary injunction "must demonstrate (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest." *Sovereign v. Deutsche Bank*, 856 F. Supp. 2d 1203, 1217 (D. Or. 2012) (citing *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008)).

The Court concludes that preliminary injunctive relief is not warranted here because the co-plaintiffs have not met their burden of demonstrating that they will suffer irreparable harm in the absence of immediate injunctive relief. As noted above, the co-plaintiffs allege that ODOC officials "knowingly target, harass, and even manipulate Plaintiffs," but they do not offer specific, concrete allegations that support a finding of irreparable future harm. (Hamilton Mot. Prelim. Inj. at 2; Olmos-Cruz Mot. Prelim. Inj. at 1; Perez Mot. Prelim. Inj. at 2; *see Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1022 (9th Cir. 2016) ("[S]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction. A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief.")

---

[2] Although Hamilton, Olmos-Cruz, and Perez each filed separate motions, all three motions are nearly identical. (*See* Mots. Prelim. Inj., ECF No. 1 Ex. 3.)

(simplified); *Castillo v. Ochoa*, 2:18-cv-0767-KJM-EFB P, 2018 WL 5079413, at *3 (E.D. Cal. Oct. 18, 2018) ("To meet the irreparable harm requirement, plaintiff must demonstrate, rather than simply allege, the existence of irreparable harm. This requires Plaintiff to demonstrate by *specific* facts that there is a credible threat of immediate and irreparable harm.") (citation omitted). Accordingly, the Court denies the motions for a preliminary injunction.

## CONCLUSION

For the reasons stated, the Court DENIES Plaintiffs' motion to remand (ECF No. 5), Plaintiffs' motion to add parties to this putative class action (ECF No. 11), and Plaintiffs' motions for a preliminary injunction (ECF No. 1, Ex. 3).

**IT IS SO ORDERED.**

DATED this 1st day of June, 2021.

MICHAEL W. MOSMAN
United States District Judge