IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PAUL MICHAEL MOORE,

        Plaintiff,

v.

OREGON DEPARTMENT OF CORRECTIONS,

        Defendant.

Case No. 3:21-cv-00599-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

    Plaintiff Paul Michael Moore ("Moore"), a self-represented adult in custody ("AIC") of the Oregon Department of Corrections ("ODOC") filed this action in state court on February 2, 2021, against ODOC, alleging "class action" claims related to ODOC's handling of the COVID-19 pandemic.[1] (*See* ECF No. 1-2.) ODOC removed the action to this Court on April 21, 2021. (*See* ECF No. 1-1.) The Court certified a federal class action alleging similar claims in *Maney et al. v. Brown et al.*, Case No. 6:20-cv-00570-SB.

---

[1] This action originally included additional plaintiffs, all of whom the Court has now dismissed. (*See* ECF No. 73.)

PAGE 1 – OPINION AND ORDER

Now before the Court is ODOC's motion to dismiss Moore's claims under FED. R. CIV. P. 12(b)(6). (*See* Def.'s Mot. Dismiss ("Def.'s Mot."), ECF No. 94.) The Court has jurisdiction over Moore's claims pursuant to 28 U.S.C. §§ 1331 and 1367, and the parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636. Moore requested oral argument but the Court finds this matter suitable for disposition without oral argument. *See* LR 7-1(d)(1). For the reasons that follow, the Court grants ODOC's motion to dismiss.

## BACKGROUND[2]

In his complaint, Moore alleges that "Plaintiffs by class have been, and continue to be [irreparably] harmed, and subjected to ongoing cruel [and] unusual punishment while being kept and housed in large groups in germ-filled dorms where . . . social distancing is being blatantly ignored." (Compl. at 2.) Moore further alleges that "[t]here is a dereliction of duty being violated by [ODOC] on a daily basis" and that "Plaintiffs are subjected to ongoing sickness, and C[OVID]-19 related illness daily[.]" (*Id.*)

Based on the allegations in his complaint, Moore alleges that ODOC violated his and other similarly situated AICs' rights under the Eighth and Fourteenth Amendments and that ODOC was negligent in its response to the COVID-19 pandemic. (*See generally* Compl.)

## LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim

---

[2] Moore pleads these facts in his complaint and the Court assumes they are true for the purpose of deciding this motion. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (noting that when reviewing a motion to dismiss for failure to state a claim, a court must "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party").

PAGE 2 – OPINION AND ORDER

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

### I.  FAILURE TO OPT OUT OF CLASS ACTION

In his opposition to ODOC's motion to dismiss, Moore asserts that the Court should deny ODOC's motion "for various legal reasons" and that "Plaintiff has in fact cont[r]acted C[OVID]-19." (Pl.'s Opp'n Def.'s Req. Dismiss at 1, ECF No. 95.) As such, Moore confirms that he has contracted COVID-19 while in custody and is therefore a member of the Damages Class in the related *Maney* class action.³ *See Maney v. State*, No. 6:20-cv-00570-SB, 2022 WL 986580, at *26 (D. Or. Apr. 1, 2022) (granting the plaintiffs' motion for class certification and defining the "Damages Class" as "[a]ll adults incarcerated in [ODOC] facilities who: (1) were incarcerated on or after February 1, 2020; (2) while incarcerated, tested positive or were otherwise diagnosed with COVID-19; and (3) if they became incarcerated after February 1, 2020, tested positive or were otherwise diagnosed with COVID-19 at least fourteen days after they entered Oregon Department of Corrections custody").

In response, the Court provided Moore with an opportunity to "explain in writing by July 11, 2023, why the Court should not dismiss this action" because "Moore is a member of the Damages Class in the pending *Maney* class action, he has not opted out of the class action, and

---

³ ODOC confirmed in its reply that "Moore received notice of the Damages Class certified in *Maney* and that he has not opted out." (Corrected Reply Supp. Mot. Dismiss at 3 n.3, ECF No. 97.)

PAGE 3 – OPINION AND ORDER

his claims in this case are duplicative of the claims in the *Maney* class action." (*See* Order, ECF No. 99.) Moore did not respond to the Court's order.

Based on Moore's status as a *Maney* class member, the Court will not allow this individual case to proceed because it would lead to "concurrent litigation and potentially inconsistent results." *Pride v. Correa*, 719 F.3d 1130, 1137 (9th Cir. 2013) ("[A] district court may decline to exercise its jurisdiction over a[n AIC's] claim . . . where the allegations and relief sought are duplicative of" a related class action because "[i]n that situation, the avoidance of concurrent litigation and potentially inconsistent results justifies dismissal") (citation omitted); *see also Melnichuk v. Wolf et al.*, No. 120CV00654JLTHC, 2020 WL 4193458, at *2 (E.D. Cal. July 21, 2020) (granting the defendants' motion to dismiss because the plaintiff "invoked[d] the same cause of action and requested relief" and "allege[d] the same facts" related to, *inter alia*, conditions of confinement and "other health and safety precautions to mitigate the spread of COVID-19" as those in a related class action); *Allen v. Crandel*, No. C 95-0673 VRW, 1995 WL 392525, at *3 (N.D. Cal. June 28, 1995) (dismissing plaintiff's claims related to his conditions of confinement because the plaintiff was a class member of a "pending class action lawsuit" addressing the same issues).

Based on Moore's status as a *Maney* class member and because his claims are duplicative of those raised in *Maney*, the Court dismisses Moore's claims.

## II.    FUTILITY OF AMENDMENT

ODOC argues that amendment of Moore's complaint would be futile. (*See* Def.'s Mot. at 5.) "In determining whether to grant leave to amend, the district court considers the presence of any of the following four factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility." *Tadros v. Wilmington Tr., Nat'l Ass'n as Tr. to Citibank, N.A.*, No. 3:17-cv-01623-AA, 2018 WL 5298144, at *2 (D. Or. Oct. 25, 2018) (citing *Owens v. Kaiser Found.*

PAGE 4 – OPINION AND ORDER

*Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)); *see also Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (noting that courts should weigh the relevant factors "with all inferences in favor of granting the motion"). "Futility of amendment, however, 'can, by itself, justify the denial of a motion for leave to amend.'" *Id.* (citing *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)). "A proposed amendment is futile if it would not withstand a motion to dismiss." *Id.* (citation omitted).

The Court agrees that amendment would be futile here because, as discussed above, Moore's claims are duplicative of those raised in *Maney* and the deadline to opt out of the *Maney* class action has now expired. *See, e.g., Dinkins v. United States*, No. 221CV06991CASKES, 2022 WL 15526472, at *7 (C.D. Cal. Aug. 30, 2022), *report and recommendation adopted*, No. 221CV06991CASKES, 2022 WL 15525741 (C.D. Cal. Oct. 27, 2022) (dismissing the plaintiff AIC's COVID-19 related claims "as duplicative of the [pending] class action" and finding that "th[e] action raises the same claims and seeks the same relief as the [pending] action" and that the plaintiff "as a member of the [pending] class [] will litigate his claims in that action"); *see also Bennett v. Asuncion*, No. 116CV1749AWIMJSPC, 2018 WL 1392894, at *6 (E.D. Cal. Mar. 20, 2018) ("If the allegations and relief sought are duplicative of the class action, 'avoidance of concurrent litigation and potentially inconsistent results justifies dismissal.'" (quoting *Pride*, 719 F.3d at 1137)). Accordingly, the Court finds that amending Moore's complaint would be futile.

///

///

///

///

PAGE 5 – OPINION AND ORDER

## CONCLUSION

For the reasons stated, the Court GRANTS ODOC's Motion to Dismiss (ECF No. 94), and dismisses Moore's claims without leave to amend but without prejudice to membership in the *Maney* class action.

**IT IS SO ORDERED.**

DATED this 14th day of July, 2023.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge